CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 15 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KEVIN JOHNSON, # 185492,<br>Plaintiff, | ) )<br>) | Civil Action No. 7:05cv00219 |
| v. | ) )<br>) | **MEMORANDUM OPINION** |
| MARK WARNER, et als.,<br>Defendants. | ) )<br>) | By: Jackson L. Kiser<br>Senior U.S. District Court Judge |

This matter is before the court on plaintiff's complaint filed pursuant to 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Upon review of court records, I find that this action must be dismissed without prejudice pursuant to 28 U.S.C. §1915(g).

Section 1915(g), enacted as part of the Prison Litigation Reform Act of 1996 ("PLRA"), provides that a prisoner may not bring a civil action without prepayment of the filing fee,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court takes judicial notice of the fact that plaintiff has had at least three civil actions dismissed for failure to state a claim or as malicious. See Johnson v. True, Civil Action No. 7:00cv00352; Johnson v. Angelone, Civil Action No. 96-1178-AM; and Civil Action No. 98-466AM. By order entered November 2, 2000, in Civil Action No. 7:00cv00762, plaintiff was advised that he had "three strikes" within the meaning of 28 U.S.C. § 1915(g) and would no longer be able to file any civil action without prepayment of the required filing fee unless he demonstrates that he is under imminent danger of serious injury. See Johnson v. Corrections Medical Service, Inc., et al.

Therfore, as plaintiff has at least three "strikes" within the meaning of § 1915(g), he cannot

file this action without prepayment of the $250.00 fee required for filing civil actions[1] unless he demonstrates that he is "under imminent danger of serious physical injury." § 1915(g). Plaintiff has filed with his present complaint an in forma pauperis affidavit in an apparent attempt to circumvent the requirement that he prepay the $250.00 filing fee.

In his complaint, plaintiff alleges that he has been subjected to supervisory indifference, conspiracy, abuse of governmental power, excessive use of force, deliberate indifference to a serious medical need, and cruel and unusual punishment. He further claims that he has been denied equal protection under the law. However, having reviewed the complaint, I do not find that Johnson states any claims from which it could be concluded that he is presently at imminent risk of serious physical harm related to an ongoing violation of his constitutional rights.

Based on the foregoing, I am of the opinion that plaintiff has three "strikes" within the meaning of §1915(g) and that he has failed to demonstrate any imminent danger of serious physical harm sufficient to allow him to proceed in forma pauperis without prepayment of the $250.00 filing fee. Accordingly, the plaintiff's request to proceed in forma pauperis on this action shall be denied pursuant to § 1915(g) and this action shall be dismissed.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 15th day of April, 2005.

/s/ Jackson L. Kiser
Senior U.S. District Court Judge

---

[1] This fee is set by statute. See 28 U.S.C. § 1914(a).