**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

No. 05-7048

─────────────

KEVIN JOHNSON,

                                                Plaintiff - Appellant,

    versus

MARK WARNER, Governor; RONALD J. ANGELONE; GENE JOHNSON; T. C. BROWN; INSPECTOR GENERAL; TRACY RAY; DANIEL BRAXTON, Warden; JERRY ARMENTROUT; V. PHIPPS; TERIE PHIPPS; STILTNER; RICHARD ROWLETTE; RICHARD FLEMING; J. KISER; DEWAYNE TURNER; RONALD FOWLER; SMIDDY HARRISON; KEVIN MCCOY; LARRY COX; J. ROBINSON; RICHARD ROSE; J. HILLYER; DANNY DAMRON; SCOTTY DEEL; GREGORY CHILDRESS; TRAVIS MCCOY; DELMER TATE; JOHN WOOD; DANIEL MCGOWAN; M. FLEMING; RANDALL CANTRELL; LARRY COLLINS; G. MULLINS; D. TILLER; S. WHITE; S. SYKES; E. FLEMING; JOSEPH RASNICK; KEITH COUNTS; JAMES BENTLEY; J. ELY; SHANNON LONG; FRANKLIN; ROCKY WOOD; D. MOONEY; J. STANLEY; PHILLIPS; S. BOYD; JOE FANNIN; J. SMITH; T. AUSTIN; RANDY PHIPPS; RANDY BOYD; STANLEY YOUNG; ADAM HARVEY; T. YATES; CAPTAIN JANEWAY; DAVID TAYLOR; MICHAEL HUTCHINSON; JAMES R. WIANDT; JOE BENTLEY; JEFFREY HEAD; A. GALLIMAR; LIEUTENANT MEYER; MATTHEW HAMILTON; JEFF COMPTON; COLLINS; EWING; SWORD; G. SEXTON; KEVIN YOUNG; GILLEY; VORP; J. HURLEY; B. STURGILL; RUSTY GOINS; HUGHES; G. BAILEY; I. HAMILTON,

                                                Defendants - Appellees.

─────────────

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, Senior District Judge. (CA-05-219)

———————

Submitted:  August 23, 2006              Decided:  September 22, 2006

———————

Before WILKINSON and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Kevin Johnson, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Virginia inmate Kevin Johnson appeals the district court's order dismissing his civil rights complaint without prejudice pursuant to 28 U.S.C. § 1915(g) (2000), upon the finding that three of Johnson's prior actions had been dismissed as frivolous or malicious or for failure to state a claim and that Johnson had failed to show that he was under imminent danger of serious physical injury. Because we find that Johnson alleged sufficient facts to establish the presence of imminent danger, we vacate and remand for further proceedings.

In his detailed complaint, Johnson alleged that prior to and upon his September 1998 assignment to Virginia's "supermax" prisons,[*] he was threatened by defendants with bodily harm and death if he persisted in litigation and defending himself from "abuse." As a result, Johnson lives in perpetual fear of being assaulted, especially because the defendants have periodically made good on their threats. Johnson described in detail a number of alleged assaults by prison guards beginning in 1999. The assaults were invariably unprovoked and resulted in serious injuries, including severe cuts, electrocution, and a concussion. Johnson claimed that the most recent assault occurred in February 2005, one month before he filed his complaint. In that assault, guards

---

[*]Johnson has been transferred between Wallens Ridge State Prison and Red Onion State Prison, Virginia's two supermax facilities, since 1998.

allegedly took Johnson outside and slammed him face-first into a wall. Johnson sustained a variety of injuries, including a broken front tooth, whiplash, and a deep laceration to his lower lip. Johnson sought damages as well as declaratory and injunctive relief.

The district court dismissed the action without prejudice pursuant to § 1915(g). The court took judicial notice of the fact that Johnson had had at least three civil actions dismissed for failure to state a claim. Therefore, Johnson was ineligible to proceed without prepayment of fees unless he demonstrated that he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The court concluded that Johnson had alleged no facts from which it could conclude that he was presently under such danger. Therefore, the district court dismissed the action without prejudice.

It was undisputed that Johnson had the requisite three dismissals required by § 1915(g). Therefore, the question before the district court was whether he showed that he was in imminent danger of serious physical harm either when he filed his complaint or at some time thereafter. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (4th Cir. 2001). "[T]he exception focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir.

2003). Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id.

We find that Johnson's complaint presented facts that sufficiently established the existence of an imminent danger of serious physical harm. He detailed unprovoked assaults and resulting serious physical injuries beginning in 1999 and continuing to 2005. The complaint alleges that Johnson was threatened with severe bodily injury or death upon his entry into "supermax," and that Johnson lives in an atmosphere of constant fear in which he never knows when the next violent assault may occur.

"[T]he determination that [the prisoner] alleged imminent danger of serious physical injury does not end our inquiry." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004). Because we may affirm the district court for any reason based on the record, the next inquiry is whether the complaint fails to state a claim. Id.

We conclude that Johnson's complaint states a claim under the Eighth Amendment, which prohibits the infliction of "cruel and unusual punishments." See U.S. Const. amend. VIII. The Amendment "not only outlaws excessive sentences but also protects inmates

- 5 -

from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996); see Wilson v. Seiter, 501 U.S. 294, 298 (1991). To succeed on an Eighth Amendment claim for cruel and unusual punishment, a prisoner must establish the deprivation of a basic human need was sufficiently serious and that prison officials acted with a "sufficiently culpable state of mind." Wilson, 501 U.S. at 298. The objective element generally requires more than a de minimis use of force. Hudson v. McMillian, 503 U.S. 1, 9-10 (1992). De minimis injury defeats a plaintiff's excessive force claim "absent the most extraordinary circumstances." Norman v. Taylor, 25 F.3d 1259, 1262-63 (4th Cir. 1994).

Here, Johnson sufficiently stated a claim of an Eighth Amendment violation. The allegedly repeated and unprovoked nature of the assaults establishes the necessary state of mind. Further, both the force used and the injuries claimed to have been sustained were more than de minimis.

We accordingly vacate the judgment of the district court and remand with directions that Johnson be permitted to proceed without prepayment of fees. The matter is remanded for further proceedings. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>