CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

~for Roanoke
MAR - 8 2007

JOHN F. CORCORAN, CLERK
BY: M. Hupp
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| KEVIN JOHNSON, # 185492,<br>     Plaintiff, | )<br>)<br>) | Civil Action No. 7:05cv00219 |
| v. | )<br>)<br>) | **MEMORANDUM OPINION AND**<br>**ORDER** |
| MARK WARNER, et al.,<br>     Defendants. | )<br>)<br>) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Kevin Johnson, # 185492, a Virginia inmate proceeding pro se, brings this action

pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. This matter is before

the court pursuant to the opinion of the United States Court of Appeals for the Fourth Circuit,

entered on September 22, 2006, remanding this case to the district court for further consideration of

plaintiff's claims. See Fourth Circuit case number 05-7048. On December 4, 2006, this case was

reinstated to the active docket of this court, and this court's order of April 15, 2005, dismissing the

case, was vacated.

In my order of April 15, 2005, I dismissed Johnson's complaint without prejudice pursuant

to 28 U.S.C. § 1915(g), upon a finding that three of Johnson's prior actions had been dismissed as

frivolous or malicious or for failure to state a claim, and that Johnson had failed to show that he was

under imminent danger of serious physical injury. Therefore, I found that, absent a demonstration

of such threat of "imminent danger of serious physical injury," Johnson was ineligible to proceed

without prepayment of fees. 28 U.S.C. § 1915(g).

The court of appeals found that Johnson had alleged sufficient facts to establish the presence

of imminent danger, and vacated and remanded for further proceedings. Noting that "Johnson has

been transferred between Wallens Ridge State Prison and Red Onion State Prison, Virginia's two

supermax facilities, since 1998," the court of appeals summarized plaintiff's complaint:

> In his detailed complaint, Johnson alleged that prior to and upon his September 1998 assignment to Virginia's "supermax" prisons,[] he was threatened by defendants with bodily harm and death if he persisted in litigation and defending himself from "abuse." As a result, Johnson lives in perpetual fear of being assaulted, especially because the defendants have periodically made good on their threats. Johnson described in detail a number of alleged assaults by prison guards beginning in 1999. The assaults were invariably unprovoked and resulted in serious injuries, including severe cuts, electrocution, and a concussion. Johnson claimed that the most recent assault occurred in February 2005, one month before he filed his complaint. In that assault, guards allegedly took Johnson outside and slammed him face-first into a wall. Johnson sustained a variety of injuries, including a broken front tooth, whiplash, and a deep laceration to his lower lip. Johnson sought damages as well as declaratory and injunctive relief.

Additionally, the court pointed out that Johnson's complaint

> detailed unprovoked assaults and resulting serious injuries beginning in 1999 and continuing to 2005. The complaint alleges that Johnson was threatened with severe bodily injury or death upon his entry into "supermax," and that Johnson lives in an atmosphere of constant fear in which he never knows when the next violent assault may occur.

As the court of appeals observed, "[i]t was **undisputed that Johnson had the requisite three dismissals required by § 1915(g).**" (Emphasis added.) Citing <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 314 (3d Cir. 2001), <u>cert. denied</u>, 533 U.S. 953 (2001), the court added that, given plaintiff's status as having had the requisite three dismissals, the question "before the district court was whether he showed that he was in imminent danger of serious physical harm either when he filed his complaint or at some time thereafter."

The exception to the three strikes rule of the Prison Litigation Reform Act ("PLRA") "focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct." <u>Martin v. Sheldon</u>, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague, speculative, or conclusory allegations are insufficient to invoke the exception

2

of § 1915(g); rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id.

As stated above, a prisoner may invoke the "imminent danger" exception under § 1915(g) only to seek relief from a danger which is "imminent" at the time the complaint is filed. Abdul-Akbar, 239 F.3d at 314. Accordingly, the **only** claims plaintiff can prosecute without full prepayment of the filing fee pursuant to the imminent danger exception in § 1915(g) are such claims that, as the court of appeals observed, "sufficiently established the existence of an imminent danger of serious physical harm." All other claims and defendants thereto shall therefore be dismissed.

No federal statute of limitations applies in § 1983 actions. Wilson v. Garcia, 471 U.S. 261, 266 (1985). Accordingly, § 1983 actions are governed by the state statute of limitations applicable for general personal injury cases in the state where the alleged violations occur. Owens v. Okure, 488 U.S. 235, 239-40 (1989). Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code Ann. § 8.01-243(a). Under these principles, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues. Id.

The time of accrual of a cause of action under § 1983 is a federal question. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). In Nasim, the United States Court of Appeals for the Fourth Circuit held that a cause of action under § 1983 accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. An inmate's § 1983 action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison

3

authorities for mailing. <u>Lewis v. Richmond City Police Depot</u>, 947 F.2d 733 (4th Cir. 1991). Accordingly, in Virginia § 1983 cases, if an inmate has not delivered his complaint to prison officials for mailing within the two year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit. As the court has determined that the statute of limitations unquestionably provides an affirmative defense to certain claims in this action, the court may summarily dismiss such claims for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A. <u>See</u> <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983) (court may dismiss based on affirmative defense under predecessor statute).

After a review of plaintiff's factual contentions, I find that, in addition to being able to bring without full prepayment of the filing fee only such claims that allege an imminent danger of serious physical harm, Johnson is barred from bringing suit under § 1983 as to all claims that arose more than two years prior to the date this complaint was delivered to prison authorities. In the instant case, Johnson signed and dated his complaint March 22, 2005; accordingly, I will assume he delivered the complaint to prison officials on the same day. Therefore, all of Johnson's claims that arose prior to March 22, 2003, are barred by the statute of limitations, are clearly no longer actionable under § 1983, and must be dismissed, pursuant to § 1915A, as failing to state a claim upon which relief may be granted.

Accordingly, the majority of Johnson's claims must be dismissed pursuant 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted because they arose before March 22, 2003. Any claim that falls outside of the statute of limitations cannot reasonably be said to allege a threat of **imminent** danger of serious physical injury. However, I find that Johnson has

4

made sufficient allegations of facts regarding the following claims and defendants[*]:

- Plaintiff's claim that, on October 5, 2003, defendants J. Kiser, DeWayne Turner, Delmer Tate, Franklin, Daniel McGowan, Rocky Wood, J. Ely, Shannon Long, D. Mooney, J. Stanley, Phillips, James Bentley, and S. Boyd subjected plaintiff to excessive force. <u>See</u> plaintiff's complaint, paragraph 35.

- Plaintiff's claim that, on October 5, 2003, defendants Kiser, Turner, and Tate were deliberately indifferent to the conditions of the cell to which plaintiff was returned, inasmuch as plaintiff alleges that the cell was contaminated with tear gas and was not decontaminated until the next day. <u>See</u> plaintiff's complaint, paragraph 35.

- Plaintiff's claim that, on October 5, 2003, defendant Stiltner "refused to render any aid to plaintiff," and defendants P. Harless and V. Phipps "repeatedly refused to process plaintiff's . . . requests to be seen on sick call. . . ." <u>See</u> plaintiff's complaint, paragraph 35.

- Plaintiff's claim that, on October 5, 2003, defendants Fowler, Joe Fannin, and G. Kendrick subjected plaintiff to excessive force. <u>See</u> plaintiff's complaint, paragraph 36.

- Plaintiff's claim that, on February 2, 2005, defendants Harrison, R. Phipps, Boyd, and McCowan retaliated against plaintiff for exercising his constitutional rights and subjected him to excessive force. <u>See</u> plaintiff's complaint, paragraph 37.

- Plaintiff's claim that, on February 2, 2005, defendants Terie Phipps and V. Phipps

---

[*] Defendants names are given as plaintiff stated them in his complaint. Where a defendant's first name or initial is not stated, plaintiff did not supply any further identification.

refused to give plaintiff medical assistance or a referral for medical assistance or to sick call. <u>See</u> plaintiff's complaint, paragraph 37.

Accordingly, I will allow only those claims to go forward, and **only as to those defendants**. It is hereby **ADJUDGED and ORDERED** that all other claims are hereby dismissed from this cause of action, and the clerk is **DIRECTED** to terminate all other defendants from this lawsuit.

The magistrate judge will subsequently enter an order directing the service of process upon the named defendants and the commencement of the collection of the fee, to which plaintiff has consented, from plaintiff.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and Order to plaintiff.

**ENTER:**     This 8th day of March, 2007.

Senior United States District Judge

6