CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
RW
MAY 03 2007
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEVIN JOHNSON, <br> Plaintiff, | Civil Action No. 7:05-cv-00219 |
| v. | **MEMORANDUM OPINION** |
| MARK WARNER[1], et al., <br> Defendants. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

This case is presently before the court on plaintiff's "motion for contempt and to abate obstruction," which the court construes as a motion for injunctive relief. Plaintiff alleges that the defendants will not allow him to contact an attorney at the attorney's cellular telephone number because it is against prison policy to process calls to cell phones through the offender telephone system, which allows offenders to place collect calls to persons on an approved list. Plaintiff further alleges that the Virginia Department of Corrections ("VDOC") has implemented a new policy that prohibits the provision of photocopies to any offender whose photocopy account debt has reached $50. However, plaintiff explains that an offender whose account debt is in excess of $50, such as plaintiff, may obtain further photocopies if the offender presents a court order instructing the facility to provide additional photocopying service loans. Plaintiff requests that this court direct defendants "to permit unobstructed mail and . . . telephone access to his attorneys"; "provide plaintiff copies free of charge of whatever documents he needs photocopies in pursuit of litigating this action"; and "provide him with access to and unimpeded uses [sic] of his stored or confiscated legal property and books which he identifies as needed to litigate this action."

A district court should issue preliminary injunctive relief only sparingly, using the "balance

---

[1] On March 8, 2007, the former Governor of Virginia, Mark Warner, was terminated as a defendant in this case.

of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283 (4th Cir. 1980), citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977).

The functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted).

Plaintiff has not shown exceptional and compelling circumstances that would warrant this court directing defendants "to permit unobstructed mail and . . . telephone access to his attorneys," to provide him with free copies, or to provide him with unfettered access to stored and confiscated property. In the first instance, defendants' policies survive a rational basis review. See Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989) (unless a suspect classification or fundamental right is involved, courts use a rational basis test).

Inmates are guaranteed reasonable access to state and federal courts and to communicate with

attorneys. See In re Hull, 312 U.S. 546 (1941). A state prisoner has a constitutional right to meaningful access to the courts, and the state may not abridge, impair, or impermissibly burden the inmate's ability to exercise this right to access. Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978). States must affirmatively provide inmates with either law libraries or persons trained in law to prosecute habeas and civil rights claims. See Bounds v. Smith, 430 U.S. 817, 828 (1977). If state does not provide reasonable alternatives to help inmates prepare legal documents, it may not prevent inmates from assisting other inmates. See Johnson v. Avery, 393 U.S. 483, 490 (1969). Inmates in segregation, such as plaintiff, may have their access to the law library limited to legal deadlines. See Harrington v. Holshouser, 741 F.2d 66, 68-69 (4th Cir. 1984). However, unlimited and unrestrained mail, telephone use outside of established prison guidelines, the provision of free copies, and free access to stored and confiscated property are not among an inmate's constitutional rights. The policies of which plaintiff complains do not impede or impermissibly burden his meaningful access to state and federal courts; to communicate with attorneys within established VDOC guidelines; or his access, limited to legal deadlines, to the law library.

Accordingly, the court finds that plaintiff has not alleged facts indicating that he will suffer irreparable harm in the absence of interlocutory injunctive relief of some kind. Nor has plaintiff established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief. Additionally, given that plaintiff has access to the court should he need an order directing that he be permitted to make copies in the pursuit of this litigation, any harm plaintiff alleges is speculative, and speculative harm is not irreparable harm warranting injunctive relief.[2] Thus, plaintiff's allegations, even if proven, do not satisfy the "balance of hardships" test.

---

[2] The court notes that plaintiff has not stated any specific, pending photocopying needs, nor has he stated any specific stored legal property to which he needs access.

Accordingly, plaintiff's request for injunctive relief will be denied.[3]

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 3rd day of May, 2007.

/s/ Jackson L. Kiser
Senior United States District Judge

---

[3] Insofar as plaintiff's request for injunctive relief could be construed as a request for a temporary restraining order, such orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Rule 65(b), Federal Rules of Civil Procedure. Such an order would last only until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that plaintiff is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.