IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **KEVIN JOHNSON**, | ) | |
| Plaintiff, | ) | Civil Action No. 7:05cv00219 |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| **MARK WARNER, et al.**, | ) | By: Pamela Meade Sargent |
| Defendants. | ) | United States Magistrate Judge |

Currently, this matter is before the undersigned on the Defendants' Motion For Summary Judgment, ("Docket Item No. 288"), ("Motion"). Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1343. This case is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

Based on the arguments and representations contained in the Motion, and for the reasons set forth in the undersigned's previous Memorandum Opinion in this case, (Docket Item No. 180), entered on March 5, 2008, the undersigned recommends that the Motion be denied with respect to defendants A. Narramore and C. Boyd. The plaintiff alleges in a signed affidavit, sworn to under penalty of perjury, that on October 5, 2003, A. Narramore and C. Boyd, along with others, assaulted him while unconscious by "slicing his face, arm and leg with a small knife." (Docket Item No. 130, Amendments to Complaint at ¶ 8.) He also alleges that A. Narramore and C. Boyd, along with others, "struck him in the testicles repeatedly and bent his

wrist back against [his] handcuffs[,] attempting to break it." (Docket Item No. 130, Amendments to Complaint at ¶ 8.) Accepting Johnson's allegations as true, there is a triable issue of fact with respect to the actions of A. Narramore and C. Boyd. As previously ruled, however, insofar as the Complaint can be construed to sue any defendant in his or her official capacity for damages, the undersigned recommends that such portion of the Complaint be dismissed.

The undersigned recommends that the Motion be granted with respect to defendant R. Hunsucker. Plaintiff's only allegation against Hunsucker appears to be that he "lied about plaintiff's making verbal remarks to other prisoners . . . to give credence to the false claim that plaintiff was a leader and participant in a group rebellion and undermine the fact that he was a target of a premeditated and conspiratorial assault." (Docket Item No. 130, Amendments to Complaint at ¶ 12.) By its very terms, the standard for summary judgment "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "As to materiality, the substantive law will identify which facts are material." *Anderson*, 477 U.S. at 248. The substantive law in this case requires that Johnson allege a deprivation of a right, privilege or immunity secured to him by the Constitution and laws of the United States. *See Inmates v. Owens*, 561 F.2d 560, 563 (4th Cir. 1977) (citing *Lopez v. Luginbill*, 483 F.2d 486, 488 (10th Cir. 1973)). Johnson fails to articulate a cognizable claim for relief, and thus, the undersigned recommends that the court grant

the Motion with respect to the allegation against R. Hunsucker, as no genuine issue of material fact exists. See FED. R. CIV. P. 56(c); *see also Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979).

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. A triable issue of fact exists with respect to the claims against defendants A. Narramore and C. Boyd; and

2. A triable issue of fact does not exist with respect to the claim against defendant R. Hunsucker.

## RECOMMENDED DISPOSITION

The undersigned recommends that this court deny the Motion with respect to defendants A. Narramore and C. Boyd and grant the Motion with respect to defendant R. Hunsucker.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C.A.

3

§ 636(b)(1)(C):

> Within ten days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, Chief United States District Judge.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record and all unrepresented parties at this time.

DATED: This 4th day of August 2008.

/s/ *Pamela Meade Sargent*