# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **KEVIN JOHNSON**, | )<br>) |
| Plaintiff, | ) Case No. 7:05CV00219<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **MARK WARNER, GOVERNOR, ET AL.**, | ) By: James P. Jones<br>) Chief United States District Judge<br>) |
| Defendants. | ) |

*Kevin Johnson, Pro Se Plaintiff; Charles L. Downs, Jr., WootenHart PLC, Roanoke, Virginia, and Mark R. Davis, Senior Assistant Attorney General of Virginia, Richmond, Virginia, for Defendants.*

In this pro se action by a state prisoner under 42 U.S.C.A. § 1983 (West 2003), alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment, a jury has found in favor of the defendants. This Opinion resolves certain motions upon which the court had reserved decision and more fully explicates certain rulings made during trial. In addition, certain defendants are dismissed for lack of service of process.

PLAINTIFF'S MOTIONS FOR CONTEMPT.

Upon review of the evidence presented at trial and in plaintiff's written submissions, I find that the plaintiff's Motions for Contempt (Dkt. Nos. 330 and 335) must be denied.

In the first Motion (Dkt. No. 330), Johnson claims that defendants Bentley, Fannin, Tate, and Harrison, correctional officers, took various adverse actions against him, attempting to persuade him to drop his claims against them in this lawsuit and to prevent him from discovering evidence and contacting potential witnesses. Johnson also claims that Bentley confiscated three lists of witnesses and addresses in September 2008. In the second Motion (Dkt. No. 335), Johnson asserts that Defendants Fowler and Lambert submitted him to further hardships in response to his filing of an earlier Motion for Contempt (Dkt. No. 330). Specifically, he alleges that in October 2008, after he had been on a hunger strike for nearly a month and was suffering weakness and dizziness as a result, these defendants required him to undergo normal strip search and restraint procedures in order to be examined by a nurse in the segregation unit where he is housed. He claims that they also convinced medical staff not to transfer him to the medical unit for observation and that they made verbal threats against him in an effort to persuade him to drop this lawsuit.

Johnson simply has not offered sufficient evidence in his written materials or at trial as to any specific piece of evidence or any specific witness that he was unable to procure because of the actions described in his Motions for Contempt. In fact, he admits that the confiscated lists of witness information were returned to him within days of when they were taken in September, more than four months before trial. As

to the defendants' alleged actions in response to his hunger strike in October 2008, Johnson has failed to demonstrate any connection whatsoever between such events and his ability to prepare and litigate this lawsuit. Therefore, I find no grounds on which to hold any of the specified defendants in contempt of court.

PLAINTIFF'S CLAIMS AGAINST DEFENDANTS G. DEEL AND J. STANLEY.

Two of the defendants named by the plaintiff were correctional officers G. Deel and J. Stanley. While the court granted a default against defendant Deel, it now appears that the order must be vacated and both defendants dismissed for lack of service.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(d) allows service to be accomplished by mailing each defendant a notice and request to waive service of a summons. If the defendant executes and returns such waiver, then no one must bear the additional expense of accomplishing service of process on that defendant. Attempted service through mailing of the notice and request is ineffectual if the defendant does not execute and return the waiver; at that point, the plaintiff must seek to accomplish personal service on the defendant.

*Armco, Inc. v. Penrod-Stauffer Bldg. Sys. Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). If the plaintiff shows good cause for the failure to serve within the Rule's 120-day time limit, the court must extend the time for service.

Once a plaintiff qualifies to proceed in forma pauperis in prosecuting a civil case, the "officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C.A. § 1915(d) (West 2006). This statute obligates the clerk's office staff to assist the plaintiff with the technical procedures of accomplishing service and to seek the involvement of the United States Marshals Service ("USMS") when warranted. The duty of court officers to serve process, however, does not relieve the plaintiff of his obligation to prosecute the lawsuit and to take reasonable steps to ensure that all defendants are served with process. When the clerk's initial attempt at serving a defendant is unsuccessful, it is the plaintiff's burden to request further assistance with service as necessary. *See, e.g., Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) ("At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge."); *see also Puett v. Blandford*, 912 F.2d 270, 276 (9th Cir.1990) (finding that delay in accomplishing service was not caused by plaintiff, as he "conscientiously took numerous steps to ensure that the defendants would be served" by the USMS); *Romandette v. Weetabix Co., Inc.*, 807
-4-

F.2d 309, 311 (2d Cir.1986) (finding that plaintiff had done "everything in his power" to effect personal service through the USMS and so would not have his case dismissed under Rule 4(m)).[1]

The court has already granted several extensions for service in this case, based on its unique procedural history. The court initially dismissed the entire cause of action, pursuant to 28 U.S.C.A. § 1915(g) (West 2006), upon its finding that the plaintiff had had three prior cases dismissed as frivolous, malicious, or for failure to state a claim and did not allege facts indicating that he was in imminent danger of serious physical harm. *Johnson v. Warner*, No. 7:05CV00219 (W.D. Va. April 15, 2005) (Kiser, J.). Johnson appealed, and the United States Court of Appeals for the Fourth Circuit reversed, finding that Johnson had shown imminent danger under § 1915(g) and was thus qualified to proceed in forma pauperis. *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006). Once the case was reinstated to the active docket, the court dismissed several claims and defendants and then ordered the clerk to attempt service of process on the dozens of remaining defendants by mailing notices and requests for waiver of service of summons, in care of the Attorney General of

---

[1] *But see Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990) (finding that prisoner plaintiff need only to furnish the USMS with information necessary to identify defendant prison officials; the failure by the USMS to locate and accomplish service on defendants no longer employed at the prison was good cause to extend time for service under Rule 4(m)).

-5-

Virginia, as is the administrative policy of this court. Johnson engaged in discovery and discovered several additional defendants. The court allowed him to amend his Complaint to add the new defendants.

Johnson named G. Deel and J. Stanley, among the many others, as defendants in his original Complaint, alleging that they had participated with others on October 5, 2003, in inflicting excessive force on him. Unlike many other defendants named in this case, however, Deel and Stanley are no longer employed by the Virginia Department of Corrections. Accordingly, the Attorney General of Virginia was not authorized to waive service of process on their behalf and so notified the court. The court then assisted the plaintiff in obtaining last known addresses for these defendants and mailed each of them a notice and request for waiver of service, Stanley's in May 2007 and Deel's in April 2008. Neither Deel nor Stanley returned an executed waiver.

Meanwhile, the case was proceeding as to the many other defendants Johnson had named. Johnson moved for default against three defendants who returned executed waivers, but failed to file any responsive pleading, and the court entered defaults as to those defendants. However, Johnson took no action to request additional assistance from the clerk's office or the USMS in order to accomplish service of process upon Deel and Stanley.

In mid-February, less than two weeks before trial, plaintiff moved for default judgment (Dkt. No. 366) against Deel and another defendant, J. Mullins, who had waived service. Although the court orally directed during trial that a default as to Deel be entered, that default must be vacated. It is clear from the record that Deel was never served with process in this case. Therefore, Deel had no deadline by which to respond to the Complaint and so has not defaulted. *See* Fed. R. Civ. P. 55(a).

Furthermore, it is clear that Johnson failed to do his part to accomplish service on these defendants. After the waivers mailed to Deel and Stanley were not returned, Johnson failed to take any additional steps to seek further assistance by the clerk's office or the USMS to accomplish service of process on these defendants within the time allotted under Rule 4(m). His lack of diligence precludes him from claiming that the court or the USMS bear any responsibility for the lack of service on these defendants. I cannot find that it was the responsibility of the clerk's office or any other officer of the court to monitor the progress of Johnson's multi-defendant case for him so as to initiate the next method of service promptly upon Deel or Stanley without any request from Johnson. Johnson has also demonstrated no good cause for his lack of diligence regarding service on these defendants.

For the stated reasons, I find that Johnson has failed to accomplish service on these defendants within the 120-day period required under Rule 4(m), even given the

generous extensions of this period as granted by the court because of delays caused by the appeal and discovery. Accordingly, I will vacate the oral order of default issued as to defendant G. Deel (Dkt. No. 387) and will dismiss all claims against G. Deel and J. Stanley without prejudice, pursuant to Rule 4(m).

PLAINTIFF'S MOTION FOR DEFAULT FOR FAILURE TO ANSWER.

During the trial, the plaintiff orally moved for default against several of the defendants who had not filed answers. The court denied the motion for the reasons hereafter explained.

The proper pleading in response to a civil complaint in federal court is an answer. Fed. R. Civ. P. 7(a)(2). When the plaintiff proves that a defendant has "failed to plead or otherwise defend [in response to a complaint], . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Then, if the value of plaintiff's claim against that defendant is not for a sum certain, the plaintiff may apply for a default judgment against that defendant. Fed. R. Civ. P. 55(b)(2).

"[S]trong public policy favors resolving disputes on the merits" and not by default judgment. *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001) (internal quotations omitted). Thus, default judgments under Rule 55 of the Federal Rules of Civil Procedure are normally "available only when the adversary process has been halted because of an essentially unresponsive party" such that a

default judgment is warranted to protect the diligent party "lest he be faced with interminable delay and continued uncertainty as to his rights." *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D. C. Cir. 1970). Although the term "otherwise defend" as used in Rule 55(a) is not defined in the Rules, it is generally understood to include not only an answer,[2] but also preliminary motions that indicate the party's intention to defend actively against the suit, such as motions to dismiss or motions for summary judgment. *See* 10 James Wm. Moore, et al., *Moore's Federal Practice* § 55.11[2][b][i] (3d ed. 2008) (citing cases); *Rashidi v. Albright*, 818 F. Supp 1354, 1355-56 (D. Nev. 1993) (finding motion for summary judgment sufficient to satisfy "otherwise defend" requirement because it "speaks to

---

[2] The wording of Rule 55 was amended in 2007 during a "general restyling of the Civil Rules to make them more easily understood" and consistent with each other. Fed. R. Civ. P. 55, advisory committee note.

> Former Rule 55(a) directed the clerk to enter a default when a party failed to plead or otherwise defend "as provided by these rules." The implication from the reference to defending "as provided by these rules" seemed to be that the clerk should enter a default even if a party did something showing an intent to defend, but that act was not specifically described by the rules. Courts in fact have rejected that implication. Acts that show an intent to defend have frequently prevented a default even though not connected to any particular rule. "[A]s provided by these rules" is deleted to reflect Rule 55(a)'s actual meaning.

*Id.*

-9-

the merits of the case and demonstrates a concerted effort and an undeniable desire to contest the action").

Johnson's oral motion sought default against the following defendant correctional officers: J. Boyd, R. Boyd, J. Lambert, L. Lyall, D. Mooney, and E. Williams. The record reflects that although each of these defendants waived service, none of them filed an answer in response to Johnson's Complaint as amended in October 2007. Each of them filed a Motion for Summary Judgment, however, challenging the merits of Johnson's claims, as follows: D. Mooney (Dkt. No. 87) and J. Boyd, R. Boyd, J. Lambert, L. Lyall, and E. Williams (Dkt. No. 165). Each of these defendants also executed an affidavit in support of the Motions for Summary Judgment and joined in responses to discovery and other motions Johnson filed. They joined in filing an exhibit and witness list in preparation for trial, which had been scheduled to proceed on three previous dates. Defendants Lyall and Williams testified during the trial and directly denied Johnson's allegations that they or any other officer had used excessive force against him on October 5, 2003.

Clearly, after the court denied the Motions for Summary Judgment, these defendants should have filed an answer in accordance with Rules 7 and 8. They have not offered any excuse for failing to do so, even in response to Johnson's oral motion for default during the trial proceedings. On the other hand, review of the convoluted

-10-

procedural history in this case, while providing no excuse for failing to submit proper pleadings, reflects no intention on the part of these parties to leave Johnson's claims uncontested. In their Motions for Summary Judgment and in pre-trial and trial proceedings, their active participation in defending against this case has been unmistakable. Therefore, I conclude that although they failed to answer the Complaint with the pleading specified in Rule 7, they are not in default as they have "otherwise defended" against the plaintiff's case.

For these reasons, I find no ground upon which the plaintiff is entitled to default judgment against defendants J. Boyd, R. Boyd, J. Lambert, L. Lyall, D. Mooney, and E. Williams. Accordingly, his oral Motion for Default was properly denied by the court.

Conclusion.

Accordingly, it is **ORDERED** as follows:

1. The Motions for Contempt (Dkt. Nos. 330 and 335) are DENIED;

2. The oral order (Dkt. No. 387) granting Motion for Default Judgment against defendant G. Deel is VACATED and the Motion for Default (Dkt. No. 366) is DENIED as to G. Deel; and

3. Defendants G. Deel and J. Stanley are DISMISSED without prejudice for lack of service of process.

ENTER: March 6, 2009

/s/ JAMES P. JONES
Chief United States District Judge